UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO CUMMINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 22 CV 967 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| CITY OF CHICAGO, ) | |
| MOHAMMED K. AHMED, MATTHEW E. ) | Magistrate Judge Young B. Kim |
| SANCHEZ, R. S. WATSON, EDUARDO ) | |
| ESCALANTE, DANIEL CASASANTO, ) | |
| ) | |
| Defendants. | |

**AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the statutes and common law of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff Antonio Cummings is a resident of Chicago, Illinois.

5. Defendants Mohammed Ahmed (badge #16497), Matthew Sanchez (badge #10159), R. S. Watson (badge #767), Eduardo Escalante (badge #2295), and Daniel Casasanto (badge #20415) ("Defendant-Officers") are duly appointed and sworn Chicago police officers.

1

6. At all times relevant to this Complaint, Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. Defendant-Officers are sued in their individual capacity.

8. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant-Officers.

**Facts**

9. On February 23, 2020, at approximately 12:30am, Plaintiff was driving in his vehicle with three other people.

10. Defendants Ahmed and Sanchez proceeded to pull Plaintiff's vehicle over and conduct a traffic stop.

11. Prior to initiating the traffic stop, Plaintiff had not committed any traffic violation and Defendants Ahmed and Sanchez had no probable cause or reasonable suspicion to justify the stop of Plaintiff's vehicle.

12. After pulling Plaintiff's vehicle over, Defendants Ahmed and/or Sanchez ordered Plaintiff out of the vehicle.

13. Defendants lacked any legal justification to order Plaintiff out of his vehicle or inspect the vehicle.

14. Plaintiff exited his car pursuant to the Defendants' orders.

15. Defendants Ahmed and Sanchez proceeded to search Plaintiff's vehicle.

16. Plaintiff did not consent to the search of his vehicle and Defendants lacked any legal justification to search the vehicle.

17. Upon searching Plaintiff's vehicle, Defendants seized Plaintiff's personal possessions, including firearms, ammunition, clothing, and protective gear.

18. Plaintiff lawfully possessed the firearms, ammunition, clothing and protective gear because he worked as security guard and possessed the necessary licenses and authorizations to do so, including a concealed carry license, FOID card, and TAN/PERC license and credentials.

19. Defendants Ahmed and Sanchez arrested Plaintiff despite the fact that they had information that Plaintiff lawfully possessed these firearms, ammunition, and protective gear.

20. Defendants impounded Plaintiff's vehicle and transported Plaintiff to the police station.

21. At the time of his arrest, Plaintiff had approximately $400 on his person.

22. Upon arresting Plaintiff, Defendants Ahmed and Sanchez inventoried only $40 of Plaintiff's money and unjustifiably and illegally seized the remainder.

23. Plaintiff spent approximately 7 hours in the booking area of the police station as the Defendant-Officers proceeded to process Plaintiff and draft police reports falsifying the basis for his arrest and prosecution, and inventory Plaintiff's personal property which Plaintiff lawfully possessed.

24. Plaintiff was incarcerated for another approximate 24 hours in a holding cell of the police station until he was brought before a judge and able to post bond.

25. During this time period, the Defendants-Officers, including arresting officers Ahmed and Sanchez, supervising officers Watson and Escalante, and investigating detective Casasanto, inventoried Plaintiff's belongings, had access to Plaintiff's identifying information

and firearm and security personnel credentials, called Plaintiff's employer and verified his employment with CPD officer Benford at Benford Security, and conferred among themselves.

26. Despite verifying Plaintiff's credentials and employment, Defendant-Officers, by conspiring together and/or condoning and approving their fellow officers' actions and decisions, charged Plaintiff with multiple criminal charges including a felony charge for possession of armor-piercing ammunition, for which the Defendant-Officers lacked probable cause.

27. These charges and the Defendant-Officers' false allegations caused Plaintiff to be unlawfully detained, prosecuted, mandated to appear in court and subject to various bond conditions.

28. As a consequence, Plaintiff endured the limitations on his freedom and emotional distress of pending criminal charges, including a felony charge, and incurred the expenses of retaining a criminal defense attorney.

29. In addition, the Defendant-Officers, and/or other CPD employees relying on the Defendants' false allegations, posted on CPD's twitter account that Plaintiff was arrested for gun possession and police impersonation, and that armor-piercing bullets were seized during the arrest based on Defendants' unsubstantiated allegations and criminal charges against Plaintiff.

30. The information posted by Defendants/CPD employees was picked up and further published by various media outlets.

31. Plaintiff, a security employee and licensed firearm carrier, was portrayed by the Defendants as a dangerous criminal despite the lack of probable cause to stop, arrest and/or charge Plaintiff.

32. As a consequence of Defendants' false allegations, arrest and prosecution, Plaintiff suffered damage to his reputation, lost employment opportunities and wages, and humiliation and other emotional distress.

33. Defendant-Officers completed and signed off on various police reports regarding the incident.

34. Defendant-Officers made false allegations in these police reports in order to falsely accuse Plaintiff of criminal violations and initiate criminal charges, including a felony criminal charge, against Plaintiff.

35. One or more of the Defendant-Officers also sought approval from the Assistant State's Attorney for the felony charge against Plaintiff, and in so doing, provided false information and/or information for which the Defendant-Officers lacked probable cause to the ASA in order to obtain approval for the felony charge.

36. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages, including loss of physical liberty, seizure of personal property, emotional distress, pecuniary damages, lost wages and loss of reputation.

## COUNT I
### 42 U.S.C. § 1983 – Unreasonable Seizure

37. Plaintiff realleges the above paragraphs as if fully set forth herein.

38. Defendants Ahmed and Sanchez stopped and detained Plaintiff without any reasonable suspicion or probable cause to believe Plaintiff had committed a crime or other violation.

39. Defendants Ahmed and Sanchez violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizure.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants Ahmed and Sanchez,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
## 42 U.S.C. § 1983 – Unreasonable Search

40. Plaintiff realleges the above paragraphs as if fully set forth herein.

41. Defendants Ahmed and Sanchez searched Plaintiff and his vehicle without probable cause or other legal justification.

42. Defendants Ahmed and Sanchez violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable search.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants Ahmed and Sanchez,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### 42 U.S.C. § 1983 – Unlawful Arrest, Detention and Prosecution

43. Plaintiff realleges the above paragraphs as if fully set forth herein.

44. Defendant-Officers arrested Plaintiff, detained Plaintiff, and initiated and pursued criminal charges, including a felony criminal charge, against Plaintiff.

45. Defendant-Officers lacked probable cause for some or all of these criminal charges, including the felony criminal charge.

46. The criminal charges caused Plaintiff to be detained on the street, at the police station, subject to bond conditions, and subjected to a felony criminal prosecution.

47. Defendant-Officers, in bringing the false criminal charges against Plaintiff, violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unlawful seizure without probable cause.

48. The felony criminal charge against Plaintiff was terminated in Plaintiff's favor and without a conviction when it was nolle'd on March 31, 2021.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### Malicious Prosecution

49. Plaintiff realleges the above paragraphs as if fully set forth herein.

50. Defendant-Officers instituted various criminal charges, including a felony charge, that lead to the criminal prosecution of Plaintiff.

51. There was no probable cause for the criminal charges.

52. The charges were brought against Plaintiff with malice in that they lacked probable cause or were initiated/commenced without legal basis and/or for reasons other than to do justice.

53. Defendant-Officers' commencement or continuation of the criminal charges caused Plaintiff to suffer damages.

54. The felony criminal charge against Plaintiff was terminated in Plaintiff's favor when it was nolle'd on March 31, 2021.

WHEREFORE, Plaintiff asks that this Honorable Court:

   a)   Enter judgment against Defendant-Officers and the City of Chicago as employer of Defendant-Officers,

   b)   Award Plaintiff compensatory and punitive damages,

   c)   Award costs, and

   d)   Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
**Respondeat Superior**

55. Plaintiff realleges the above paragraphs as if fully set forth herein.

56. Defendant-Officers involved in the seizure, arrest, search, detention, prosecution and publicized allegations against/of Plaintiff, were acting in the scope of their employment and as agents of their employer City of Chicago.

57. City of Chicago is liable for the acts of its agents and employees, and is therefore liable for malicious prosecution and any other state law claims that arise out of the incident that is the subject of this Complaint.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against City of Chicago,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
## Indemnification Claim pursuant to 745 ILCS 10/9-102

58. Plaintiff realleges the above paragraphs as if fully set forth herein.

59. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Chicago to indemnify the Defendant-Officers for any judgment for compensatory damages and attorneys' fees and costs in this case arising from their actions.

60. Plaintiff demands a jury trial on all claims.

Respectfully submitted,

/s/ Amanda S. Yarusso
Counsel for Plaintiff

Amanda S. Yarusso
111 West Washington Street, Suite 1500
Chicago, Illinois 60602
(773) 510-6198